## SINCLAIR v. SINCLAIR.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

DEEDS (§ 69*)—VALIDITY—MEETING OF THE MINDS OF THE PARTIES.

A deed of a grantor who did not understand the purport of the deed, and who never knowingly or voluntarily executed or acknowledged the execution of it, is void for failure of the minds of the parties thereof to meet.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 156–164; Dec. Dig. § 69.*]

Appeal from Special Term, Kings County.

Action by Catherine Sinclair against Sarah F. Sinclair. From a part of the judgment, defendant appeals. Affirmed on conditions.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

William J. Martin (Frank A. Spencer, Jr., on the brief), for appellant.

Edward J. West, for respondent.

PER CURIAM. The finding that the deeds were procured from the plaintiff by fraud and imposition on the part of the defendant and Green is not sustained by the weight of the evidence. Hence the conclusion of law and judgment so far as based on such finding cannot be sustained. But the evidence does sustain the finding that the plaintiff did not understand or comprehend the nature and purport of the deeds, and never knowingly or voluntarily executed or acknowledged the execution of the same.

Therefore the judgment is reversed and a new trial granted, costs to abide the event, unless the plaintiff shall within 20 days stipulate to modify the judgment so as to provide that the several deeds are void for failure of the minds of the parties thereto to meet for the execution thereof, in which case the judgment as so modified is affirmed, without costs of this appeal.

---

## TRACY v. HEDDEN CONST. CO.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

1. MASTER AND SERVANT (§ 125*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

An employé at work on the floor of a building in process of construction stepped on a nail in a plank lying across a runway. About 200 men were employed in the work. About 20 minutes before the accident, the plank with the nail was not on the runway. Held, that the defendant was not chargeable with constructive knowledge of the presence of the plank with the nail therein, and was not guilty of negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

2. MASTER AND SERVANT (§ 206*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

Where in all building operations loose ends of boards or planks are strewn about, an employé in using a runway in a building in process of

erection assumes the risk incident to the existence of a plank on the runway.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 550; Dec. Dig. § 206.*]

Appeal from Trial Term, Kings County.

Action by John J. Tracy against the Hedden Construction Company. From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, WOODWARD, BURR, and RICH, JJ.

Allan E. Brosmith, for appellant.

M. E. Kelley, for respondent.

HIRSCHBERG, J. The plaintiff was injured while working in the employ of the defendant, a company engaged in the erection of a building on the site of the former Fifth Avenue Hotel, Twenty-Third street and Broadway, in the borough of Manhattan. He was at work on the fifth floor of the building on the day of the accident, namely, October 30, 1908, and in common with the other workmen was preparing to leave the building at about a quarter of an hour before sunset. On that day, in the progress of the work, the girders of the fifth floor had been only partially covered by loose scaffolding and narrow runways with open spaces on either side. The runway was only two feet wide, and some one had left a piece of planking across it, with a nail projecting through the plank. The plaintiff at the time was engaged in collecting empty cement bags on the different floors, and at the time of the accident was doing that work on the fifth floor. He stepped upon the nail in the piece of plank referred to, and the nail, penetrating his foot, caused the injury complained of. He testified:

"I was walking along the runway, and there was a piece of a plank across the runway with a nail sticking through it, and it was dark, there was no lights in the building, and I couldn't see this across the runway, and I stepped on the nail, and it went right through my foot. This took place right in the center of the fifth floor. I didn't see the end of the plank which contained the nail until after I stepped on it. I could hardly see it then, it was so dark."

[1] There was evidence given to the effect that the place was dark, and it is undisputed that there were no artificial lights. The case was submitted to the jury on the theory that the defendant was guilty of negligence in failing to furnish artificial light at the time. There is no claim that the conditions on the day in question differed from those which prevailed on other days while the plaintiff was working in the building. He had been at work there several months. About 200 men were employed in the work, and nothing appeared to indicate that an accident such as occurred at the time in question was to have been reasonably anticipated by either the defendant or its employés. One of the plaintiff's witnesses testified that he had used the runway in question several times on the afternoon of October 30th, the last time within 20 minutes or half an hour prior to the plaintiff's accident, and that the piece of plank with the nail in it was not there then. I do

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not see how the defendant could be charged with constructive knowledge of the presence of the plank with the nail in it on the runway.

[2] The learned counsel for the respondent states in his brief that "it is perfectly well known that in all building operations loose ends of boards or planks will be strewn about." If this be so, it would seem that the condition herein complained of was one of the necessary risks of the employment, and that the plaintiff in using the runway at the time he did assumed whatever risk was incident to the conditions then prevailing.

The judgment and order should be reversed.

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.